IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | | |
|---|---|---|
| **SELENA SUSAN JOHANSSON** § | | **PLAINTIFF** |
| § | | |
| **V.** § | | **Civil No. 1:10cv275-HSO-JMR** |
| § | | |
| **WACHOVIA BANK** § | | **DEFENDANT** |

**MEMORANDUM OPINION AND ORDER
GRANTING PLAINTIFF'S MOTION TO REMAND**

This cause comes before the Court upon Plaintiff Selena Susan Johansson's Motion to Remand [5] this case to the Circuit Court of Jackson County, Mississippi. Defendant Wachovia Bank has filed a Response [7]. The Court, having considered the pleadings on file, the briefs and arguments of the parties, and the relevant legal authorities, finds that Plaintiff's Motion to Remand should be granted, and that this case should be remanded to state court.

I. FACTS AND PROCEDURAL HISTORY

Plaintiff filed her Complaint for Declaratory Judgment in the Circuit Court of Jackson County, Mississippi, on or about April 27, 2010. *See* Compl. This dispute stems from a loan Plaintiff's late husband obtained from Defendant, which Plaintiff states was secured by their marital home in Vancleave, Mississippi [the "Property"]. *See id.* at ¶ 7. Plaintiff maintains that she is now the sole owner of the Property. *See id.* at ¶ 5.[1]

---

[1] Plaintiff seeks, among other things, a declaration that she and her late husband were legally married at the time of his death. *See* Compl., at ¶ 11(c). As the parties point out, Mr. Johansson's Certificate of Death reflects that he was divorced at the time of his death. *See* Certificate of Death, attached as Ex. "C" to Compl. Plaintiff alleges in her Complaint that her late husband's family falsely filled out his death certificate. *See* Compl., at ¶ 9. The Court makes no determination as to whether Plaintiff and Mr. Johansson were legally married or divorced at the time of his death.

Defendant filed a claim against Mr. Johansson's estate in the amount of $25,126.16 [the "Claim"]. The Chancery Court of Jackson County, Mississippi, disallowed the claim. *See* Order Invalidating Claims [3]. Plaintiff alleges that she has since been forced to make payments on her late husband's loan in order to avoid foreclosure on her home. *See* Compl., at ¶ 8. In her Complaint, Plaintiff seeks various declarations related to the loan and Defendant's right to assert claims against Plaintiff and/or the Property, as well as a declaration that, at the time of his death, she and her late husband were legally married and she was the next of kin. *See id.* at ¶ 11.

Defendant removed the case on June 16, 2010, invoking the Court's diversity jurisdiction. *See* Notice of Removal. Plaintiff now seeks remand to state court. *See* Mot. to Remand. According to Plaintiff, "the amount in controversy is only $25,126.16, which does not meet the jurisdictional requirements required pursuant to 28 U.S.C. § 1332(a)." *Id.*, at p. 1.

## II. DISCUSSION

A. Standard of Review

28 U.S.C. § 1441 provides for the removal of civil actions brought in a state court of which the district courts have original jurisdiction. *See* 28 U.S.C. § 1441. Section 1331 provides that "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Section 1332 provides that "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the

sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States . . . ." 28 U.S.C. § 1332.

Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over those matters specifically designated by the Constitution or Congress. *Epps v. Bexar-Medina-Atascosa Counties Water Improvement Dist. No. 1*, 665 F.2d 594, 595 (5th Cir. 1982). For this reason, removal statutes are subject to strict construction. *Willy v. Coastal Corp.*, 855 F.2d 1160, 1164 (5th Cir. 1988). Doubts about whether federal jurisdiction exists following removal must be resolved against a finding of jurisdiction. *Acuna v. Brown & Root, Inc.*, 200 F.3d 335, 339 (5th Cir. 2000) (*citing Willy*, 855 F.2d at 1164). The party seeking removal, Defendant in this case, bears the burden of establishing federal jurisdiction over the state court suit. *Boone v. Citigroup, Inc.*, 416 F.3d 382, 388 (5th Cir. 2005); *Willy*, 855 F.2d at 1164.

B.  Diversity Jurisdiction

The parties do not dispute that complete diversity of citizenship existed between them at the time of removal. The question presented is whether the amount in controversy requirement was satisfied. *See* 28 U.S.C. § 1332. Plaintiff's Complaint does not request monetary damages or otherwise quantify the relief sought. *See* Compl., at ¶11.

In the Notice of Removal, Defendant avers that the unpaid principal balance on the loan in question is approximately $135,411.83, and that the value of the Property which secures the loan exceeds $75,000.00, exclusive of interest and costs.

3

Notice of Removal, at ¶ 8.  In her Motion to Remand, Plaintiff argues that the amount in controversy in this case is the amount of the Claim against the estate, $25,126.26, which is insufficient to confer diversity jurisdiction upon this Court.  Mot. to Remand, at p. 1.  Defendant counters that the relief sought by Plaintiff in her Complaint establishes that the amount in controversy exceeds $75,000.00.  Resp., at pp. 2-6.

Reviewing Plaintiff's Complaint as a whole, the Court is of the opinion that Plaintiff has not made a clear demand for a specified amount of damages.  Where a plaintiff fails to allege a specific amount of damages, the Fifth Circuit has prescribed the following procedure:

> the party invoking federal jurisdiction must prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional amount.  The district court must first examine the complaint to determine whether it is "facially apparent" that the claims exceed the jurisdictional amount.  If it is not thus apparent, the court may rely on "summary judgment-type" evidence to ascertain the amount in controversy.

*St. Paul Reinsurance Co. Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998); *see Felton v. Greyhound Lines, Inc.*, 324 F.3d 771, 774 (5th Cir. 2003).

"In actions seeking declaratory or injunctive relief, it is well established that the amount in controversy is measured by the value of the object of the litigation." *Hunt v. Wash. State Apple Adver. Comm'n*, 432 U.S. 333, 347 (1977).  "[W]hen the validity of a contract or a right to property is called into question in its entirety, the value of the property controls the amount in controversy." *Waller v. Prof'l Ins. Corp.*, 296 F.2d 545, 547-48 (5th Cir. 1961).

The Court is of the opinion that it is not "facially apparent" from the Complaint that the claims probably exceed $75,000.00. Defendant must therefore demonstrate that the amount in controversy requirement is met. *See Felton*, 324 F.3d at 774; *Greenberg,* 134 F.3d at 1254. While the Notice of Removal alleges that the remaining principal balance on the loan is $135,411.83, Defendant has submitted no affidavits or other evidence to support this conclusory statement.

Moreover, Defendant has not demonstrated what is the precise object of this litigation. Plaintiff maintains that she only seeks to set aside the portion of the debt secured by the marital home taken as a home equity loan in the amount of $25,126.16, *see* Mot., at p. 2.[2] Defendant has not presented any contrary competent evidence to demonstrate that the value of the object of the litigation is in fact $135,411.83, the remaining principal of the loan, or is otherwise greater than $75,000.00. This is insufficient to carry Defendant's burden of establishing by a preponderance of the evidence that the amount in controversy requirement is satisfied. *See Greenberg*, 134 F.3d at 1253. Because all doubts must be resolved against a finding of jurisdiction, *see Acuna*, 200 F.3d at 339, remand is required.[3]

---

[2] *See also* Order Invalidating Claims [3] (stating that Wachovia Bank filed claim for $25,126.16 against Mr. Johansson's estate).

[3] With respect to Plaintiff's request for a declaration that she and Mr. Johansson were legally married at the time of his death, and that Plaintiff was the next of kin, *see* Compl., at ¶ 11(c), because the Court has determined that Defendant has not met its burden of establishing that the amount in controversy meets the jurisdictional threshold, the Court need not address whether the "domestic relations exception" or "probate exception" to diversity jurisdiction might also apply in this case, or whether, if subject matter jurisdiction did in fact exist, the Court should nevertheless abstain from hearing the case under the *Burford* abstention doctrine. *See, e.g., Marshall v. Marshall*, 547 U.S. 293 (2006); *Ankenbrandt v. Richards*, 504 U.S. 689 (1992); *Burford v. Sun Oil Co.,* 319 U.S. 315 (1943).

5

### III.  CONCLUSION

For the reasons stated more fully herein, Plaintiff's Motion to Remand should be granted.

**IT IS, THEREFORE, ORDERED AND ADJUDGED**, that Plaintiff's Motion to Remand [5] the above styled and numbered cause to state court should be and hereby is **GRANTED**.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that, the above-captioned cause should be and hereby is remanded to the Circuit Court of Jackson County, Mississippi, and that a certified copy of this Order of remand shall be immediately mailed by the Clerk to the clerk of the state court pursuant to 29 U.S.C. § 1447(c).

**SO ORDERED AND ADJUDGED,** this the 3rd day of December, 2010.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE